ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 FEB 20 AM 11: 17
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SAMMIE L. JACKSON, ) | |
| Plaintiff, ) | |
| v. ) | CV 107-119 |
| COLUMBIA COUNTY DETENTION ) CENTER FOOD SERVICE ) DEPARTMENT, et al., ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Coffee Correctional Facility located in Nicholls, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Columbia County Detention Center ("CCDC") Food Service Department; (2) "Kitchen Personnal," CCDC, and (3) "Kitchen Supervisor," CCDC. (Doc. no. 1, pp. 1 & 4). Plaintiff submits that, while incarcerated at the CCDC, he was deliberately served "expired" salad dressing and cornflakes. (Id. at 5).

Plaintiff alleges that, on August 26, 2007, the evening meal at the CCDC contained "packs of expired ranch dressing . . . ." (Id.). Plaintiff contends that he and other inmates reported the alleged service of "expired" dressing to Deputy Wells, Hickman, and Woods ("Deputies"). (Id.). According to Plaintiff, Deputy Hickman informed the inmates that Kitchen Sergeant Slade said that the problem would be addressed.[1] (Id.). Plaintiff maintains that, on August 27, 2007, the morning meal contained "expired" cornflakes and the evening meal contained "expired" salad dressing. (Id.). Plaintiff explains that he and other inmates reported the alleged service of "expired" cornflakes to the Deputies, "who called the Kitchen [Sergeant] who said the problem would be [addressed]." (Id.). Plaintiff concludes, "These expired items were being deliberately served to [Plaintiff] and others even after [the] Deputies informed [the] Kitchen Personnals [sic]. Expired items continued to be served." (Id.).

As relief, Plaintiff requests that the Court appoint an attorney, who will assist him in his efforts to file a suit alleging, *inter alia*, criminal negligence claims. (Id. at 7). Plaintiff

---

[1]The Court notes that Kitchen Sergeant Slade has not been named as a Defendant in the above-captioned case.

seeks an order from the Court relieving Defendants from their duties and protecting him from potential retaliation. (Id.). Plaintiff also asks for $3,000,000 in damages and court costs. (Id.).

## II. SCREENING OF COMPLAINT

### A. Deliberate Indifference Claim

Plaintiff's claim concerning the alleged service of "expired" salad dressing and cornflakes fails to state a claim upon which relief may be granted. The Eighth Amendment requires that jail officials provide "humane conditions of confinement," including *adequate food*, clothing, shelter, and medical care.² Farmer v. Brennan, 511 U.S. 825, 832 (1994) (emphasis added). To make a valid deliberate indifference claim under the Eighth Amendment concerning his conditions of confinement, a prisoner must allege that a prison official knew about and disregarded an excessive risk to the prisoner's health or safety; officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Id. at 837. To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39.

---

²The Due Process Clause of the Fourteenth Amendment functions to provide pretrial detainees with essentially the same level of protection as that afforded convicted prisoners by the Eighth Amendment. See Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985). Thus, regardless of whether Plaintiff was being held at the CCDC as a pretrial detainee or a convicted inmate, the same legal standard would apply.

3

Here, Plaintiff submits that, even after being notified by the Deputies of an alleged prior incident, Defendant "Kitchen Personnal" deliberately served "expired" salad dressing and cornflakes, which represented a health hazard. (Doc. no. 1, pp. 5-6). Plaintiff's complaints concerning the service of "expired" condiments and cereal fall well short of a claim of constitutional magnitude. In the prison-conditions context, a deprivation does not take on constitutional dimensions unless it "result[s] in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (internal quotation omitted). Simply put, Plaintiff did not have a constitutional entitlement to fresh salad dressing or cornflakes.[3] See Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").

## B. Defendant CCDC Food Service Department

Although Plaintiff names the CCDC Food Service Department as a Defendant, he fails to mention this Defendant or assert any allegations of wrongdoing related to this Defendant anywhere in his statement of claims.[4] On that basis alone, Plaintiff's claim

---

[3]The Court also notes that Plaintiff does not allege that he suffered any injury as a result of the alleged service of "expired" salad dressing and cornflakes on approximately three occasions. Even assuming for the sake of argument that Plaintiff had alleged that he suffered an injury, Plaintiff would still fail to state a claim upon which relief can be granted because the alleged service of "expired" items on three isolated occasions does not raise issues of constitutional proportions. Cf. Watkins v. Trinity Serv. Group, Inc., No. 8:05-cv-1142-T-24MSS, 2006 WL 3408176, at *7 (M.D. Fla. Nov. 27, 2006) ("Since [the plaintiff's] alleged food poisoning and maggot incident[s] were independent and isolated events, they were not sufficiently serious deprivations to violate his constitutional rights.").

[4]Indeed, it may be that Plaintiff only mentions the entity of the CCDC Food Service Department as a description of where the other individuals described in the complaint work.

against Defendant CCDC Food Service Department could be dismissed. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

Nevertheless, to the extent Plaintiff was attempting to sue the CCDC Food Service Department, his claim would also fail. According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Therefore, Georgia law controls. In this regard, the Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a department within a jail as an entity capable of being sued. However, in a similar vein, the Court is aware that the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit). Accordingly, even if Plaintiff had mentioned Defendant CCDC Food Service Department in his statement of claims, Plaintiff's claims against this Defendant would still be subject to a recommendation of dismissal.

## C. Defendant "Kitchen Supervisor"

Although Plaintiff names the "Kitchen Supervisor" as a Defendant, he again fails to mention this Defendant or assert any allegations of wrongdoing related to this Defendant anywhere in his statement of claims.[5] As previously noted, on that basis alone, Plaintiff's claim against Defendant "Kitchen Supervisor" could be dismissed. See Crawford-El, 523 U.S. at 598 (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

Nevertheless, even if Plaintiff had specifically mentioned Defendant "Kitchen Supervisor" in his statement of claim, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has not alleged any facts regarding Defendant "Kitchen Supervisor," and thus, Plaintiff has not demonstrated that this Defendant participated in the alleged service of "expired" salad dressing and cornflakes.

---

[5]On this point, the Court notes that Plaintiff mentions Kitchen Sergeant Slade in his statement of facts. (Doc. no. 1, p. 5). However, Plaintiff neither names this individual as a Defendant nor indicates whether he is the "Kitchen Supervisor."

Similarly, Plaintiff fails to allege a "causal connection" between Defendant "Kitchen Supervisor" and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[6] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, Plaintiff has not alleged any facts concerning Defendant "Kitchen Supervisor," let alone facts demonstrating that there was a causal connection between this Defendant and the alleged constitutional violation.[7] Therefore, Plaintiff has failed to state a claim against Defendants "Kitchen Supervisor," based upon his or her position as the supervisor of the CCDC Food Service Department.

---

[6] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[7] As noted in section II A, *supra*, Plaintiff has not even alleged a constitutional violation. Nevertheless, in an abundance of caution, the Court has addressed the *respondeat superior* issue.

7

### D. State Law Claims

Moreover, because Plaintiff has failed to state a federal constitutional claim against Defendants, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's § 1983 federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its

8

remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a federal claim upon which relief can be granted, that Plaintiff's potential state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 20th day of February, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE